IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTHONY LEROY DAVIS,**

                Petitioner,

    v.                                  CASE NO.  16-3063-SAC

**JAMES HEMIGARTNER, Warden,**

                Respondent.

### MEMORANDUM AND ORDER

Mr. Davis, a Kansas inmate at the El Dorado Correctional Facility in El Dorado, Kansas (EDCF),[1] filed this pro se petition for writ of habeas corpus under 28 U.S.C. § 2241.[2] Under Rule 4 of the Rules Governing Section 2254 Cases, 28 U.S.C.A. foll. § 2254 (HC Rule 4), this court is required to review a habeas petition upon filing and to sua sponte dismiss the petition without ordering a responsive pleading under certain circumstances:

---

[1] In 1989, Davis was convicted by a jury of first degree felony murder, aggravated arson, and aggravated robbery.  He was sentenced to life in prison, a concurrent term of five-to-twenty years, and a consecutive term of ten-to-twenty years.  His convictions were affirmed by the Kansas Supreme Court.  *State v. Davis*, 247 Kan. 566, 802 P.2d 541 (Kan. 1990).  He also unsuccessfully challenged his convictions by way of state post-conviction proceedings that were affirmed by the Kansas Supreme Court.  See *State v. Davis*, 271 Kan. 892, 26 P.3d 681 (2001).

[2] Petitioner also filed a Motion for Leave to Proceed in forma pauperis, but paid the $5.00 filing fee two weeks later.  Accordingly, the court denies this motion as moot.

1

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition. . . .

*Id.* (applicable through HC Rule 1(b)); see also *Mayle v. Felix*, 545 U.S. 644, 655 (2005); *McFarland v. Scott*, 512 U.S. 849, 856 (1994). 28 U.S.C. § 2241(c)(3) pertinently provides that the writ of habeas corpus shall not extend to a prisoner unless he is in custody in violation of the Constitution or laws or treaties of the United States. Having examined all materials filed, the court dismisses this action upon screening because petitioner fails to state facts establishing a violation of federal constitutional or statutory law that would entitle him to habeas corpus relief under Section 2241 and petitioner's claims regarding conditions of his confinement are not properly litigated in this habeas petition.

In his form petition, Mr. Davis does not clearly state any claim challenging his disciplinary proceedings.[3] As Ground One,

---

[3] Instead, the facts underlying petitioner's disciplinary convictions had to be gleaned from exhibits attached to his petition (Doc. 1-1, pgs. 1-16). Exhibit A is a Health Services Request Form that is not explained. Exhibit B is the Administrative Segregation Report dated March 2, 2016, showing that Davis was placed on ad seg "pre-hearing detention status" for refusing to lock down as ordered, which resulted in a "condition 30 being called" and Davis "receiving DR's for disobeying orders and threatening." Davis acknowledged receiving this report with his signature on March 2, 2016. Exhibit C is a copy of the Disciplinary Report (DR) dated March 2, 2016 charging Davis with two offenses: Threatening and Intimidating and Disobeying Orders. CC II Hoepner wrote the following underlying facts in the DR. Davis went to the unit team's office upset and claimed that the unit team had not returned the legal documents he had submitted that morning for e-filing in federal court. Hoepner advised Davis that he did not have the documents and

he claims "gross negligent 28 U.S.C. 2680[b] 1st Amendment Constitutional Right to Redress." Under supporting facts for this Ground, he alleges the following. On March 1, 2016 at 9:30 a.m., he handed CCII Hoepner federal court documents for e-filing. The next day he inquired and Hoepner responded that he did not have the documents, that Davis should file a grievance, and that he would come testify that he kicked the documents under petitioner's door that morning about 11:30 a.m. As Ground Two, petitioner claims "Negligence." In support, he alleges that on March 11, 2016, he was ordered to report to Unit Team CSIII Jarris Perkins who, in violation of petitioner's First

---

had slid them under Davis's cell door. Davis disagreed, and Hoepner repeated that he did not have the documents and advised Davis to leave the office and return to his cell. Davis stated, "I am not going anywhere." Hoepner then gave Davis a direct order to go to his cell. Davis refused again and said "call it because I'm not going anywhere." Davis then ran up to Hoepner "while balling both of his fists" and stated, "I'm not scared of you." Hoepner called an officer-needs-assistance signal. Exhibit D is a copy of the "Inmate Disciplinary Summons" dated March 3, 2016, notifying Davis to appear before a hearing officer at 8:00 a.m. the next day. Exhibit E appears to be a copy of page 2 of a disciplinary hearing report. It shows that Davis was sanctioned with 14 days of DS and a $10.00 fine for each disciplinary offense and that the Warden approved the Hearing Officer's action. Exhibit E is petitioner's banking statement showing his fines obligation next to which he has written "14th Amendment Due Process Violation." Exhibit G is petitioner's "Disciplinary Appeal to the Secretary." On this appeal, petitioner claimed that the hearing officer denied him a continuance causing "substantial prejudice" to his defense, and that the judgment is "null" in that he was "found guilty in less than 24 hours after summons." Petitioner's Exhibits H through N are documents written by petitioner that are dated March 4, 2016, which have a caption with the number of the challenged disciplinary action. In Exhibit J entitled "Witness List," petitioner lists Hoepner whom he states will testify that he "lied . . . in furtherance of illegal-mail activities." In Exhibit L, petitioner lists Jackson whom he states will testify to "oversight & omissions involving moral-turpitude," threatening DG and Davis that if they did not "sign a P.C. waiver" he would order them both to disciplinary segregation, and that he colluded with Hoepner and lied to harass Davis. Plaintiff's final two exhibits are responses to him from Legal Services for Prisoners that lend no support to his claims regarding disciplinary actions. *Id.*

3

Amendment rights, made "rumbling threats" to intimidate Davis to drop lawsuits he had filed against "the Respondents Butler County El Dorado KS."  As Ground Three, petitioner claims "Neglect."  In support, he alleges that on March 1, 2016, inmate DS told Davis that DS is a transsexual, "CSIII D. Jackson moved DS into Davis cell because Davis is gay," and Jackson "made statements threaten (sic) and intimidating" Davis to drop law suits against the Kansas Department of Corrections at the EDCF.  As Ground Four, petitioner claims "Abuse/28 U.S.C. 2680([b],[4] 42 U.S.C. 1985."[5]  In support, he alleges that on March 1, 2016, he "served" James Heimgartner with a copy of "the federal documents at stake in this matter" and that Heimgartner failed to "hold any employee's (sic) 'accountable' for their abuse to (Davis) differently than other prisoners because of his race."

Petitioner marks on his form petition that he is challenging disciplinary proceedings and cites Case No. 16-03-016.  In response to other preliminary questions on the form, he lists sanctions of two consecutive terms of 14 days in

---

[4]  Petitioner cites this statute several times but never suggests how it applies to this case or entitles him to habeas relief.  Section 2680(b) sets forth an exception to "the provisions of this chapter [28] and [28 U.S.C.] section 1346(b)" for "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."  Section 1346(b) governs cases with United States as defendant."

[5]  The title of this statute is "Conspiracy to interfere with civil rights."  Petitioner alleges no facts whatsoever to support a cause of action under any subsection of this statute.  Nor does he suggest how it entitles him to habeas corpus relief.

disciplinary segregation (DS) and two fines of $10.00 each. He gives the date of the decision under challenge as March 4, 2016, and the date of his administrative appeal as March 7, 2016.[6] He alleges that his appeal was denied on March 11 based on "substantial compliance with departmental procedures." He describes the issue raised on appeal as his having been found guilty less than 24 hours after he was served with summons and notice of hearing.[7] He filed the instant petition 10 days after his administrative hearing on March 14, 2016.

Mr. Davis has previously been designated a three-strikes litigant. In addition, he has previously been barred from filing successive habeas corpus petitions. To date, he has filed 44 cases in federal courts.[8] In the instant habeas petition, he continues his improper practice of including

---

[6] Petitioner only marks Ground One as presented on administrative appeal. He explains that he did not present the other grounds because "these issues were unavailable at the time respondents 'attacked' petitioner injuring him in discipline procedures policy of Butler County." He adds the unclear note that he did not fight back against any state officers as alleged by respondent in his DR report and "fraud."

[7] In his answers as to "issues raised" on administrative appeals, Davis makes additional remarks that are either obscure or conclusory. For example, he writes "Gross Negligence! CM/ECF 28 U.S.C. 2680. Exceptions [b]," and "Fraud of the Respondents, Kangaroo Court." These bald statements are not properly presented as separate grounds with supporting facts. When asked if he filed a "third appeal," petitioner stated that he appealed to Legal Services for Prisoners and was denied relief on March 10, 2016. This is not a step within the Bureau of Prisons established administrative appeals process.

[8] He has filed 20 civil rights actions and 13 habeas corpus petitions in this court and is listed on Pacer as a party in 11 cases in other federal districts.

conditions claims, perhaps in an attempt to avoid the $400 filing fee that he must pay upfront as a three-strikes litigant. In addition, he again fills his petition with legalistic phrases and unexplained citations rather than clear, relevant facts showing grounds for relief under Section 2241. Mr. Davis intentionally filed this action as a petition for writ of habeas corpus under Section 2241. To the extent that he actually seeks to challenge the disciplinary sanctions imposed upon him for the two offenses of which he was found guilty in Disciplinary Case No. 16-03-016, he states no viable ground for habeas corpus relief. His only allegation to challenge his disciplinary sanctions is that he was not provided notice a full 24 hours prior to his disciplinary hearing. However, Mr. Davis was not sanctioned with loss of good time. Consequently, in the disciplinary proceedings under challenge he was not entitled to the process due under *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), where loss of good time was a sanction. Even if petitioner were entitled to <u>Wolff</u> procedural protections,[9] he

---

[9] Petitioner may be arguing that he was fined and therefore had property taken without due process. However, as reasoned herein, he does not show that he was fined without due process. Furthermore, he does not show that he had no prior notice that a fine could be imposed for the charged misconduct and he does not show that he lacked either administrative remedies or state court remedies by which to challenge the alleged imposition of a fine without due process. Generally, a prisoner states no claim for habeas corpus relief unless he alleges the deprivation of a liberty interest, and he has no cause of action under 42 U.S.C. § 1983 for an unauthorized deprivation of property, either intentional or negligent, by a state employee if a meaningful state

states no facts showing any actual prejudice from the alleged technical time-limit violation. In any event, he attaches an exhibit showing that he received actual notice of the charges and underlying facts on March 2, 2016, when he was placed on pre-hearing detention two days before the hearing. Furthermore, even if the court could determine petitioner's due process claim, the record clearly contains "some evidence" for the Disciplinary Hearing Officer's decision.

As noted, Mr. Davis plainly styles this action as a § 2241 habeas petition. However, like in several prior cases, he improperly includes claims regarding the conditions of his confinement. Mr. Davis has been advised many times that conditions claims may only be litigated in a civil rights complaint and not in a habeas corpus petition.[10] His claims that are not habeas in nature include all those mentioned in the four grounds in the petition: "gross negligent" and "1st Amendment Constitutional Right to Redress" based on Hoepner telling Davis that Hoepner did not have his federal court documents and had kicked them under petitioner's door; "negligence" and "rumbling threats" by Perkins and statements by Jackson allegedly made to

---

post deprivation remedy is available for the loss. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); see *O'Neal v. Price*, 531 F.3d 1146, (9th Cir. 2008).

[10]   Because Mr. Davis has been informed of this ground for dismissal on several prior occasions, the court finds that giving him an opportunity to amend would be futile.

intimidate Davis to drop various lawsuits; "neglect" based on Jackson moving a transsexual inmate into Davis's cell; and that Heimgartner failed to hold employees accountable for abuse of Davis and racially-biased disparate treatment. All of these conditions claims are conclusory and are dismissed, without prejudice, because they are not properly litigated in this habeas corpus petition.[11]

In summary, the court dismisses petitioner's habeas claim regarding the timing of his disciplinary hearing because he fails to state facts to support his assertion of a denial of due process in connection with his disciplinary proceedings. And, the court dismisses petitioner's claims that are challenges to the conditions of his confinement because they may not be litigated in this habeas corpus petition and Mr. Davis has neither paid the $400 filing fee nor shown that he is entitled to the exception in Section 1915(g).

**IT IS THEREFORE BY THE COURT ORDERED** that this action is dismissed and all relief is denied, without prejudice.

---

[11] As noted, Mr. Davis has filed numerous complaints and has long been designated a three-strikes litigant under 28 U.S.C. § 1915(g). As a result, he is well aware that "[i]n no event shall [he] bring a civil action . . . under [§ 1915] . . . unless [he] is under imminent danger of serious physical injury." *Id.* In order to litigate the conditions claims that make up the bulk of the instant petition, Davis must present them in separate civil rights complaints and pay the full filing fee of $400.00 for each unless he shows imminent danger. None of petitioner's allegations in this case suggest that he meets the imminent danger exception. Thus, even if the court could very liberally construe petitioner's allegations and this action as a civil rights complaint, this matter would likewise be subject to summary dismissal.

**IT IS FURTHER ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 2) is denied as moot.

**IT IS FURTHER ORDERED** that this court certifies that any appeal of this action is not taken in good faith and that any motion by plaintiff to proceed in forma pauperis on appeal is denied.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied.[12]

**IT IS SO ORDERED.**

**Dated this 15th day of July, 2016, at Topeka, Kansas.**

s/Sam A. Crow
U. S. Senior District Judge

---

[12] Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." The court concludes that a certificate of appealability should not issue in this case. Nothing suggests that the court's ruling resulting in the dismissal of this action [e.g., as time barred] is debatable or incorrect.